UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DENNIS DWYER                     :
                                 :
        v.                       :   CIV. NO. 3:05cv1155 (AHN)
                                 :
GUILFORD BOARD OF EDUCATION      :


## RULING ON DEFENDANT'S MOTION TO PRECLUDE EXPERT TESTIMONY, TO COMPEL PROPER RULE 26 DISCLOSURE OF JOSEPH BRUNSCHWIG, AND FOR SANCTIONS [Doc. #46]


## I.   Background

On July 19, 2005, plaintiff filed a ten-count complaint,
alleging that the defendant violated the Federal Family Leave
Act, the Connecticut Family Leave Act and the Americans with
Disabilities Act.  Plaintiff also filed a claim for intentional
infliction of emotional distress.  In essence, plaintiff, the
former custodian at the defendant school system, alleges he was
forced to resign because he was not granted leave under the
Family Medical Leave Act.  At the time of his resignation,
plaintiff was being treated by Joseph Brunschwig, a family and
marriage therapist.

On December 20, 2005, a Scheduling Order was entered,
requiring expert disclosure by October 1, 2006.  This Scheduling
Order was modified several times, and the expert disclosure
deadline was extended to January 4, 2007.  On January 4, 2007,
plaintiff again requested an extension of time, and the expert
disclosure deadline was extended to February 5, 2007.

In a letter dated February 5, 2007, plaintiff disclosed "Joseph Brunschwig, the plaintiff's treating therapist in 2004," as an expert witness. Def's. Motion to Preclude, Ex. 2. In that letter, plaintiff summarized and attached a copy of Mr. Brunschwig's brief opinion. Id. Plaintiff also stated that defendant had "already received [Mr. Brunschwig's] notes." Id. The opinion to which plaintiff refers is a January 4, 2007, letter to Attorney Vasko from Mr. Brunschwig stating that,

> "[i]n response to your request, Dennis Dwyer was able to start working again by 5/17/04. This release to return to work would have been limited to any custodian job outside of the school he had been working at just prior to his termination."

Id. at Ex. 3.

Defendant's counsel was not satisfied with plaintiff's expert disclosure and stated that the disclosure did not comply with Fed. R. Civ. P. 26(a)(2)(B). On February 27, 2006, a telephone discovery conference was held, and plaintiff was ordered to make a proper Rule 26 expert disclosure on or before March 2, 2007. [Doc. #45]. On March 1, 2007, plaintiff filed a supplemental expert disclosure. This supplement included the name, address and telephone number of Mr. Brunschwig; stated that Mr. Brunschwig's reports and opinion were previously provided to defendant; stated that the basis for Mr. Brunschwig's opinion was his continuing treatment of plaintiff; and included the time period of treatment. Def's. Motion to Preclude, Ex. 5. The supplemental disclosure did not provide, 1) a copy of the exhibits to be used by Mr. Brunschwig, if any; 2) a copy of his

curriculum vitae; 3) the amount of compensation he is to be paid for testifying; and 4) the listing of any other cases in which he testified, at a deposition or at trial, as an expert witness.

Once again, defendant argues that this disclosure did not comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and has moved to preclude Mr. Brunschwig as an expert witness. Alternatively, defendant moves for an order compelling proper Rule 26 disclosure and precluding "all testimony regarding Mr. Brunschwig's treatment, treatment costs, medical records and bills associated with the treatment of the plaintiff, with the exception of Mr. Brunschwig's opinion." Def's. Motion to Preclude, p. 7. Defendant also seeks reimbursement for costs incurred in making this motion.

Plaintiff objects to defendant's motion, arguing that Mr. Brunschwig was disclosed as an expert witness before the expert disclosure deadline. Plaintiff also contends that, as Mr. Brunschwig is plaintiff's treating therapist, no Rule 26 report is required. Lastly, plaintiff contends that, since he has complied with Rule 26, defendant is not entitled to sanctions.

## II.  Discussion

Under Fed. R. Civ. P. 26(a)(2), parties must "disclose to the other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A). "[T]he purpose of this rule is to give parties a **reasonable opportunity**

to prepare an effective cross-examination of the opposing parties' expert witnesses and, if necessary, arrange for testimony from other experts."  6 James W. Moore et al., Moore's Federal Practice, § 26.23 (3d ed. 1997) (emphasis added).  "A party that without substantial justification fails to disclose information required by Rule 26(a) ... shall not, unless such failure is harmless, be permitted to use as evidence at trial ... any witness ... not so disclosed."  Fed. R. Civ. P. 37(c)(1). However, the exclusion of evidence is an extreme remedy and should only be "utilized on rare occasions when justice so requires."  Update Art, Inc. v. Modiin Publ'g. Ltd., 843 F.2d 67, 71 (2d Cir. 1988).

Here, the circumstances do not justify preclusion.  The record shows that the defendant was made aware of plaintiff's expert, Mr. Brunschwig, by February 5, 2007.  Additionally, this is not the first time defendant was advised of Mr. Brunschwig's existence.  Mr. Brunschwig was identified by plaintiff as a treating therapist in previous discovery responses.  Def's. Obj., p. 2.  On March 1, 2007, plaintiff attempted to cure the deficiencies in his Rule 26 expert disclosure by filing a supplemental disclosure.  The supplemental disclosure provided Mr. Brunschwig's contact information and his expert opinion.  The supplemental disclosure also stated that Mr. Brunschwig's opinion was based upon his ongoing treatment of plaintiff and included the time period of treatment.  Plaintiff's Rule 26(a)(2)(B) disclosure was missing some information, i.e. copies of the

exhibits to be used by Mr. Brunschwig;[1] a copy of his curriculum vitae; the amount of compensation he is to be paid for testifying; and a listing of any other cases in which he testified, either by deposition or at trial, as an expert witness. At this stage, however, defendant is aware of the substance of Mr. Brunschwig's very limited opinion, has a copy of that opinion, knows the basis for his opinion, and is in possession of the therapist's notes. Additionally, defendant has not presented any evidence that plaintiff's failure to strictly comply with Fed. R. Civ. P. 26 was willful, malicious, or done in bad faith.

Thus, although plaintiff's Rule 26 report was incomplete, the deficiencies in the report do not merit the harsh sanction of preclusion of Mr. Brunschwig's expert opinion. The better course of action is to require plaintiff to amended his expert disclosure to include this missing information. Defendant's motion to preclude expert testimony [Doc. #46] is **denied**.

Plaintiff will have twenty (20) days from the entry of this Ruling to produce a second supplemental disclosure.[2]

------

[1] The Court notes that Mr. Brunschwig's notes were previously produced to defendant.

[2] In his objection, plaintiff appears to state that Mr. Brunschwig will not be called as an expert and, instead, will be offered solely as a treating physician. If this is the case, plaintiff is not required to make a further Rule 26(a)(2)(B) disclosure. However, Mr. Brunschwig's testimony would then be limited to his treatment of plaintiff.

In its motion, the defendant also requested that, if plaintiff were allowed additional time to supplement his disclosure, "all testimony regarding Mr. Brunschwig's treatment, treatment costs, medical records and bills associated with the treatment of plaintiff, which the exception of [his] opinion" be precluded.  Def's. Motion to Preclude, p. 7.  Defendant does not state a basis for this request and, therefore, the request is denied.

Lastly, defendant seeks sanctions in the form of reimbursement for expenses incurred in filing this motion for preclusion.  Plaintiff did make a timely, albeit incomplete, Rule 26 disclosure, and plaintiff did make one attempt to cure the deficiencies.  Defendant has failed to offer any evidence which would indicate that plaintiff's incomplete Rule 26 report was the result of willful misconduct or made in bad faith.  Therefore, defendant's motion for sanctions [Doc. #46] is **denied.**


SO ORDERED at Bridgeport this 25th day of April, 2007.


___/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE